[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11793
Non-Argument Calendar
_____

D.C. Docket Nos. 3:13-cv-00148-TCB; 3:10-cr-00008-TCB-RGV-1

ANTHONY ANTONIO COX,

                                                Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 21, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anthony Antonio Cox, a federal prisoner, appeals *pro se* the denial of his motion for relief. Fed. R. Civ. P. 60(b). Cox sought relief from an earlier judgment that denied his motion to vacate his conviction based on his alleged mental incompetency during trial, *see* 28 U.S.C. § 2255. The district court treated Cox's Rule 60(b) motion as a § 2255 motion to vacate and denied it as successive. *See id.* § 2244. We affirm the ruling that treated Cox's motion as an impermissible second or successive motion to vacate, but we vacate and remand for the district court to dismiss Cox's motion for lack of jurisdiction.

Cox moved, without success, to vacate his conviction based on his alleged mental incompetency. *Id.* § 2255. Cox based his motion on a pretrial order that he was "competent to stand trial on the condition that [he] continue to take his medication without interruption." The government responded that Cox had been competent, and Cox replied that the government was barred from "relitigating" the pretrial order. A magistrate judge recommended denying Cox's motion on the ground that the trial transcript proved that he had been competent during trial. Cox objected for the reasons stated in his reply. The district court overruled Cox's objection and denied Cox's motion. The district court and this Court denied Cox's requests for a certificate of appealability.

Cox later moved for relief from the judgment that denied his motion to vacate. Cox argued that the district court failed, as required by *Clisby v. Jones*, 960

2

F.2d 925 (11th Cir. 1992), to address his objection to relitigating the validity of the pretrial order. *See* Fed. R. Civ. P. 60(b). The district court denied the motion.

The district court did not abuse its discretion by ruling that Cox's motion was a second or successive motion. Federal Rule of Civil Procedure 60(b) permits relief from a judgment, among other grounds, if the movant can identify a "reason that justifies relief." *Id.* But a prisoner cannot use a motion under Rule 60(b) to circumvent the prohibition on filing successive postconviction challenges to a conviction or sentence, 28 U.S.C. § 2244. For that reason, we treat a motion under Rule 60(b) that attacks the denial of a motion to vacate on its merits as a successive motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a petition for a writ of habeas corpus); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (applying *Gonzalez* to a motion to vacate). Because Cox's motion seeks to relitigate an issue—his competency—that the district court had rejected previously on the merits, the district court correctly treated Cox's filing as a second or successive motion.

The district court lacked jurisdiction to entertain Cox's second motion to vacate. Cox already had filed one motion to vacate and failed to obtain permission from this Court to file a successive motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "Without authorization, the district court lack[ed] jurisdiction to consider [Cox's] second or successive petition." *Farris v. United States*, 333 F.3d 1211,

3

1216 (11th Cir. 2003).  Because the district court lacked jurisdiction, it erred by denying instead of dismissing Cox's motion.

We **AFFIRM** the ruling that treated Cox's motion as an impermissible second or successive motion to vacate, but we **VACATE** the order denying the motion and **REMAND** for the district court to dismiss Cox's motion for lack of jurisdiction.