[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15220
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00026-LJA-CHW

NATHANIEL HARRIS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 16, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nathanial Harris, a Georgia prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as impermissibly second or successive.[1]  No reversible error has been shown; we affirm.

We review de novo whether a petition for writ of habeas corpus is second or successive.  Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).  We construe liberally pro se pleadings.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Before a prisoner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Harris was convicted of murder in 1992.  Harris's conviction and life sentence were later affirmed by the state court.  In 2010, Harris filed his first section 2254 petition, which the district court dismissed as untimely.  Harris filed a

_____

[1] In an earlier order, we denied Harris a certificate of appealability to appeal the district court's denial of his motions to alter the judgment, pursuant to Fed. R. Civ. P. 59(e).  To the extent that Harris raises -- in his appellate brief -- arguments challenging the denial of his Rule 59(e) motions, these arguments are outside the scope of this appeal and will not be considered.  See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998).

second section 2254 petition in 2013, which the district court dismissed as second or successive.

Then -- in 2016 -- Harris filed the section 2254 petition at issue in this appeal. Harris's 2016 section 2254 petition challenges the same 1992 judgment of conviction that Harris has already challenged in his first two habeas petitions; so, his 2016 petition is second or successive for purposes of AEDPA. See Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) ("[C]ourts must look to the judgment challenged to determine whether a petition is second or successive."). That Harris purports to raise new claims in the instant habeas petition is of no importance: the bar to successive applications is not claim-specific. See id. at 1279.

Because Harris's 2016 petition constitutes a "second or successive" habeas petition -- and because Harris has failed to obtain leave from this Court to file such a petition[2] -- the district court dismissed properly Harris's petition for lack of subject matter jurisdiction. See Farris, 333 F.3d at 1216.

AFFIRMED.

---

[2] Following the district court's dismissal in this case, Harris has twice sought this Court's leave to file a successive habeas petition. We denied both applications after determining, in pertinent part, that Harris failed to demonstrate that his proposed grounds for habeas relief were based upon newly discovered evidence.