[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-14540
Non-Argument Calendar

_____

D. C. Docket No. 96-02984-CV-1

J. B. FARRIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 21, 2003)

Before EDMONDSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant J.B. Farris, a federal prisoner, appeals through counsel the district court's order denying his motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255; his motion to amend, filed pursuant to Fed.R.Civ.P. 15; his motion to reconsider, filed pursuant to Fed.R.Civ.P. 60(b); and his motion for resentencing, filed pursuant to 18 U.S.C. § 3559(c)(7). Because Farris filed his § 2255 motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-32, 110 Stat. 1214 (1996), its provisions govern this appeal. No reversible error has been shown; we affirm.

A federal jury convicted Farris of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and possession of a firearm during the commission of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Based on Farris's state convictions in 1987 for unlawfully selling cocaine and in 1988 for possession of cocaine, the probation officer found that Farris's statutory range of imprisonment on the drug counts was 10 years' to life imprisonment. The officer also recommended that Farris be classified as a career offender, under U.S.S.G. § 4B1.1, with a corresponding offense level of 37, a

criminal history category of VI, and a resulting guideline range of 360 months' to life imprisonment. The district court subsequently sentenced Farris to concurrent sentences of 300 months' imprisonment on the drug counts and to a consecutive sentence of 60 months' imprisonment on the firearm count; we upheld the convictions and sentences on direct appeal. See United States v. Farris, 77 F.3d 391 (11th Cir. 1996). On 7 October 1996, the Supreme Court denied Farris's petition for a writ of certiorari. See Farris v. United States, 117 S.Ct. 241 (1996).

On 31 October 1996, Farris filed pro se the instant § 2255 motion. He argued that his trial counsel provided ineffective assistance of counsel by (1) failing to inform him pretrial of his sentence exposure as a career offender; (2) failing to object to the government's failure to notify him of its intent to use his prior convictions to enhance his maximum statutory sentence pursuant to 21 U.S.C. § 851; (3) failing to object to proof that the cocaine he possessed was cocaine base; and (4) failing to subpoena a "promising witness" for the defense. Farris also contended that the district court erroneously sentenced him because (1) the government failed to file a § 851 information; and (2) the district court improperly enhanced his sentence as a career offender under § 4B1.1 because Amendment 506 to the Sentencing Guidelines mandated a different interpretation of "offense statutory maximum." The magistrate judge recommended that all

3

claims in the § 2255 motion be denied. The district court adopted the recommendation in part, but remanded for an evidentiary hearing on Farris's claim that trial counsel failed to advise him of his sentencing exposure.

In December 1998, Farris filed a motion for reconsideration of the partial denial of his § 2255 motion; Farris stated that he had pending a state habeas corpus petition challenging his state convictions used to enhance his federal sentences. Farris also filed a motion for resentencing in December 1998, after a state court set aside his 1987 conviction based on the state's failure to rebut Farris's testimony that he did not knowingly waive his rights before pleading guilty. In July 1999, Farris filed another motion for reconsideration, or, in the alternative, for leave to amend his § 2255 motion. He asserted that he was entitled to the recalculation of his sentence based on the reversal of the 1987 state conviction. In December 1999, the district court vacated its partial denial of Farris's § 2255 motion as "prematurely entered" and reserved judgment on his remaining motions.

In May 2000, the magistrate judge conducted an evidentiary hearing and recommended that the remaining claim of ineffective assistance be denied. In March 2000 and September 2001, Farris filed supplemental briefs in support of his remaining motions, citing for the first time to United States v. Walker, 198 F.3d

4

811 (11th Cir. 1999).[1]  He also argued that he should be resentenced based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), because drug quantity was neither alleged in his indictment nor found by the jury beyond a reasonable doubt.[2]

In April 2002, the district court adopted the magistrate judge's recommendation and ordered that Farris's remaining motions and § 2255 claim be denied.  The district court determined that (1) it had partially ruled on Farris's § 2255 motion before the motions were filed, (2) the remaining motions sought resentencing, and (3) Farris's new claims based on Walker and Apprendi were distinct from the claims he originally raised in his § 2255 motion.  It concluded, as such, that Farris's motions constituted successive petitions that could not be filed without our approval.  But the district court granted a certificate of appealability on (1) whether denial of Farris's motion to amend was erroneous because the reversal of one of Petitioner's state convictions constituted "newly discovered evidence" under § 2255; and (2) whether it should have granted Farris's Rule 60(b) motion for purposes of "judicial economy."

---

[1] In Walker, we determined that a district court may reopen and reduce a federal sentence once a federal defendant, in state court, has attacked successfully a prior state conviction used in enhancing his federal sentence. See id. at 813-14.

[2] In Apprendi, the Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See id. at 2362-63.

Citing to <u>Walker</u>, Farris argues on appeal that the district court abused its discretion in denying his motion to amend his § 2255 motion because his 1987 conviction was reversed while his § 2255 motion was pending and because resentencing based on the reversal would result in a "substantially lower sentence." We review a district court's denial of a request for leave to amend a § 2255 motion for abuse of discretion. <u>Davenport v. United States</u>, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000), <u>cert. denied</u>, 121 S.Ct. 1232 (2001).

A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. As discussed above, we determined in <u>Walker</u>, that, pursuant to a federal habeas corpus petition, a district court may reopen and reduce a federal sentence once a federal prisoner has successfully attacked in state court a prior state conviction previously used in enhancing the federal sentence. <u>See</u> <u>Walker</u>, 198 F.3d at 813-14. But, unlike the facts in <u>Walker</u>, Farris's original § 2255 motion was not dismissed <u>without prejudice</u> before he filed his challenge to his prior state conviction and his subsequent challenges to his sentence were not filed timely. <u>See</u> <u>id.</u>

6

The AEDPA established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4). Because Farris's conviction became final when the Supreme Court denied certiorari in his direct appeal on 7 October 1996, he had one year from that date within which to file his § 2255 motion. See Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (conviction final when Supreme Court denies certiorari or issues a decision on the merits).[3] Accordingly, Farris's § 2255 motion filed on 31 October 1996 was timely filed. But his claims

---

[3] The finality of Farris's conviction in this case is the only applicable date of the four statutory dates in § 2255(1)-(4). Farris does not contend that he was prevented from filing his motion by a constitutional impediment. Neither the law in Walker nor the law in Apprendi involves a right which "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000). And Farris has failed to cite law supporting that the state's 1998 order vacating his 1987 conviction was a "fact supporting the claim." Cf Greene v. United States, 880 F.2d 1299, 1306-07 (11th Cir. 1989) (rejecting federal habeas petitioner's claim that a state court's vacating a prior conviction used to enhance his federal sentence constituted "newly discovered evidence").

raised in his motions to resentence, reconsider, and amend, filed in December 1998 and in July 1999, were timely only if they related back to his original motion.

Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing § 2255 Proceedings. Rule 15(a) permits a party to amend a pleading once "as a matter of course at any time before a responsive pleading is served," or, otherwise, "only by leave of court or by written consent of the adverse party." See Fed.R.Civ.P. 15(a). And Rule 15(c) dictates that an amendment only relates back to the original pleading and causes an otherwise untimely claim to be considered timely when, outside of exceptions inapplicable in this case, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." See Fed.R.Civ.P. 15(c)(2).

Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intent for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts. See Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001). Following this intent, we determined in Davenport that, to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or

8

sentencing proceeding. See Davenport, 217 F.3d at 1344.  The untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." See id.  We concluded in Davenport that new claims alleging different trial errors were not part of the same course of conduct, and, as such, did not relate back to the date of the appellant's timely filed § 2255 motion. See id. at 1346.

Here, Farris challenged in his original § 2255 motion, among other things, whether his counsel provided ineffective assistance by not advising him on his sentencing exposure as a career offender and whether Amendment 506 to the Sentencing Guidelines mandated a different interpretation of "offense statutory maximum."  But he -- this point is important -- did not contend that his 1987 conviction (one of the convictions relied upon in enhancing his sentence) was constitutionally invalid, pursuant to Walker, or that the issue of drug quantity was improperly decided by the district court, pursuant to Apprendi.  And these new claims did not arise from the "same set of facts" as the timely filed claim, but from separate conduct or a separate occurrence in "both time and type." See Davenport, 217 F.3d at 1344.  Because Farris's new claims were not filed within one year of his convictions becoming final and did not relate back to his original § 2255

9

motion, the district court did not abuse its discretion in denying his motion to amend.

Farris also argues that the district court erred in denying his motion for reconsideration, based on Rule 60(b) and "the interest of judicial economy." He contends that the state court's vacating of his 1987 conviction constituted "newly discovered evidence." We typically review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Stano v. Butterworth, 51 F.3d 942, 944 (11th Cir. 1995). But we review the district court's legal conclusions in a § 2255 proceeding de novo and the underlying facts for clear error. Castillo v. United States, 200 F.3d 735, 736 (11th Cir.), cert. denied, 121 S.Ct. 114 (2000).

Pursuant to Rule 60(b), the district court may relieve a party from a final judgment, order, or proceeding based on newly discovered evidence. See Fed.R.Civ.P. 60(b)(2). We have concluded, nevertheless, that the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief. See In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997); see also Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (Rule 60(b) cannot be used to circumvent restraints on successive-habeas petitions). Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his motion as a successive

10

§ 2255 motion. See Mobley v. Head, 306 F.3d 1096 (11th Cir. 2002) (Felker established a "bright line rule" that the successive-petition restrictions in § 2244(b) apply to all Rule 60(b) motions filed by habeas petitioners).

The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A).[4] Without authorization, the district court lacks jurisdiction to consider a second or successive petition. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

AFFIRMED.

---

[4] The appellate court, in turn, must certify that the second or successive § 2255 motion contains: "(1) newly discovered evidence that, if proven and viewed in [the] light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255.