[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13840
Non-Argument Calendar

_____

D. C. Docket No. 06-00876-CV-CC-1

LETRENIA L. WILLIAMS,

Plaintiff-Appellant,

versus

TIM GEITHNER,
Secretary Department of
Treasury,

Defendant-Appellee,

BETTYE ATWATER,
PAM GILSMAN, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Letrenia L. Williams, proceeding pro se, appeals from the district court's grant of summary judgment to the Department of Treasury in her employment discrimination action. For the reasons set forth below, we affirm.

**I.**

Williams, a former employee of the Internal Revenue Service ("IRS"), filed the instant pro se employment discrimination action, pursuant to Title VII of the Civil Rights Act of 1964. In her complaint, she alleged various claims, including racial discrimination, retaliation, and a hostile work environment. After discovery was completed, a magistrate judge issued a lengthy report, recommending that the district court grant the IRS summary judgment on all of Williams's claims. On January 16, 2008, the district court adopted the magistrate's report and entered a final judgment in the IRS's favor.

Williams thereafter filed three motions for reconsideration. On April 16, 2008, the district court entered a single order denying all three motions. Williams then filed a "motion for relief from judgment and orders," citing both Fed.R.Civ.P. 59(e) and 60(b). On June 17, 2008, the district court denied the motion, citing the court's local rule prohibiting a party from filing a motion to

2

reconsider the denial of a previous motion to reconsider.

Less than one week later, Williams filed a notice of appeal, but did not specify the order from which she was appealing. Acting sua sponte, we entered an order dismissing her appeal in part. We concluded that Williams's appeal was untimely with respect to both the district court's underlying January 16 order granting the IRS summary judgment and the court's April 16 order denying Williams's three reconsideration motions. However, we permitted Williams's appeal to proceed with respect to the court's June 17 order.

## II.

As just discussed, we have limited the scope of this appeal to the district court's June 17 order denying Williams's fourth motion for reconsideration. We review the denial of a motion for reconsideration, whether brought under Rule 59(e) or Rule 60(b), for an abuse of discretion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b)); Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1285 (11th Cir. 2001) (Rule 59(e)).

## III.

On appeal, Williams offers absolutely no argument in her brief challenging the court's June 17 order, as all of her arguments relate to the underlying summary judgment order. Indeed, Williams explicitly states in her brief that she seeks

review only of that underlying order. As a result, Williams has abandoned any argument on appeal challenging the June 17 order, the only order over which we have jurisdiction. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (arguments not raised on appeal by a pro se litigant are abandoned). Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] In any event, we note that it is doubtful that the court abused its discretion by denying Williams's fourth motion for reconsideration, as it relied on an unambiguous local rule prohibiting parties from filing motions to reconsider the denial of a previous motion to reconsider. N.D. Ga. R. 7.2(E) ("Parties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration."); see Reese v. Herbert, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) ("We give great deference to a district court's interpretation of its local rules.") (quotation and alteration omitted).