[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12686
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:93-cr-00606-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS ARRITOLA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2011)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.


PER CURIAM:

Jesus Arritola, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals the district

court's dismissal for lack of jurisdiction of his motion for a sentence modification.* No reversible error has been shown; we affirm.

Arritola filed a post-conviction motion asking the district court to depart downward on his sentence (imposed for a drug crime) based on the harsh pre-trial conditions he faced in Colombia before being extradited to the United States and based on collateral immigration consequences. On appeal, Arritola repeats these arguments.

Arritola has shown no basis for the district court's exercise of jurisdiction over his motion. The authority he cited in support of his motion -- 28 U.S.C. § 994(f) -- simply directs that the Sentencing Commission devote "particular attention" to "reducing unwarranted sentencing disparities" in promulgating its guidelines; it does not provide a remedy to reduce a sentence based on the circumstances of pretrial detention.

Because Arritola was unentitled to relief under section 994(f), we must decide whether his motion is "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) (explaining that federal courts must "look behind the label of a motion filed by a

---

*Whether a district court has "jurisdiction over a particular case is a question of law subject to plenary review." United States v. Maduno, 40 F.3d 1212, 1215 (11th Cir. 1994).

2

pro se inmate"). But even considering other mechanisms for sentence modifications, Arritola has failed to demonstrate a basis for the district court's jurisdiction.

Arritola cited no amendment to the Sentencing Guidelines that would allow for a sentence reduction under 18 U.S.C. § 3582(c)(2). He already has filed a 28 U.S.C. § 2255 motion to vacate his sentence that the district court denied on the merits, and he has received no permission to file a second motion. See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (explaining that a district court lacks jurisdiction to consider a criminal defendant's motion as a "second or successive" section 2255 motion without certification). Arritola has not timely alleged "arithmetical, technical, or other clear error" in his sentence that would have allowed the district court to correct his sentence under Fed.R.Crim.P. 35(a). And the government has filed no motion based on substantial assistance that would entitle him to relief under Rule 35(b).

Because Arritola cannot show a basis for the district court's jurisdiction over his motion to reduce his sentence, we affirm.

AFFIRMED.