[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15284
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 3:08-cv-00342-MCR-MD

JOSEPH BRADLEY MURPHY,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 19, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Murphy, a federal prisoner proceeding *pro se*, appeals the dismissal

of his "motion to reopen and amend" his previously denied motion to vacate under

28 U.S.C. § 2255. The district court granted Murphy a certificate of appealability ("COA") on the following issue only:

> whether the [district] court committed procedural error in denying his request to reopen and amend his § 2255 motion, which would then require him to seek leave from the Eleventh Circuit to file a second or successive motion before the court addresses the merits of his motion.

On appeal, Murphy argues that, pursuant to changes in the law, he no longer qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e). His claims his motion to reopen or amend and his original motion to vacate "arise[] from the same conduct[.]"

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA") provides that, to file a second or successive § 2255 motion, a movant must first receive an order from the U.S. Court of Appeals authorizing the district court to consider it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

The Supreme Court has held that:

> a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the

2

merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 538, 125 S. Ct. 2641, 2651 (2005). In turn, if a Rule 60(b) motion attacks the district court's previous resolution of a claim on the merits, as in this case, it is construed as a successive habeas petition subject to the restrictions of 28 U.S.C. §§ 2254, 2244(b)(3)(A). *See id,* 545 U.S. 524, 531-32, 125 S. Ct. 2641, 2647-48. Although the Supreme Court expressly noted that it was limiting its consideration to § 2254 cases, *id.* at 529 n.3, 125 S. Ct. at 2646 n.3, we recently held that "the standard announced in *Gonzalez* applies to federal prisoner cases as well," *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*). In *Gilbert,* we rejected Gilbert's argument that a motion he filed asserting an error of law in the calculation of his sentence should have been treated as one filed under Rule 60(b), holding that "[b]ecause Gilbert's motion sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under *Gonzalez* his motion is the equivalent of a second or successive motion and is barred by § 2255(h)." *Id.*

Here, the district court did not err by dismissing Murphy's motion to reopen, because Murphy had filed a previous § 2255 motion that had been

dismissed on the merits and had not obtained authorization from us to file a second or successive § 2255 motion. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Murphy's motion to file an expanded reply brief and for judicial notice is GRANTED.