[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

No. 11-10319
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-20996-JLK,
1:01-cr-00233-SH-1

DURANE JOHNSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 21, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Durane Johnson, a federal prisoner, appeals the denial of his 28 U.S.C.

§ 2255 motion to vacate his sentence, in which he argued that he was actually

innocent of being a career offender, because his prior offenses did not satisfy the standard for crimes of violence or controlled substance offenses under U.S.S.G. § 4B1.2 and *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). The district court granted a certificate of appealability ("COA") on the following two issues:

> (1) Whether Johnson is actually innocent of being a career offender, because his prior conviction for manslaughter does not constitute a "crime of violence" under the career offender guideline; and

> (2) Whether Johnson should have been permitted to amend his petition to include a challenge to his prior drug conviction based on the actual innocence doctrine.

With respect to the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). We review the denial of a request for leave to amend a § 2255 motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003).

Although the scope of our review is limited to the issues enumerated in the COA, we must consider first any issue of procedural default. *Id.* A claim is procedurally defaulted if the defendant failed to advance a challenge on direct appeal. *Id.* at 1196. Procedural default may be excused, based on one of two exceptions: (1) on a showing of cause for failing to raise the claim on direct appeal

2

and actual prejudice from the error; or (2) for a miscarriage of justice or actual innocence. *Id.*

Under the actual innocence exception, the procedural default is excused if the prisoner can show that he is actually innocent of the crime of conviction, or in the capital sentencing context, of the sentence itself. *Id.* at 1196-97. In *McKay*, we declined to extend the actual innocence exception to the procedural default rule to the prisoner's claim that he was erroneously sentenced as a career offender because one of his prior convictions did not legally qualify as a crime of violence. *Id.* at 1198. We reasoned that such a claim is "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." *Id.*

Johnson's claim that his manslaughter conviction does not qualify as a crime of violence is subject to procedural default, because he failed to raise the issue on direct appeal. Under *McKay*, Johnson cannot excuse this default by asserting actual innocence of being a career offender based solely on the argument that his manslaughter conviction does not satisfy the legal requirements for a crime of violence. *See id.* at 1198. In fact, he acknowledges that his claims are foreclosed by *McKay* in his reply brief filed with this Court.

Similarly, Johnson's argument that his prior drug conviction does not

qualify as a controlled substance offense is procedurally defaulted and cannot be excused based on a claim of legal innocence of being a career offender. Because Johnson's claim is procedurally barred, the district court did not abuse its discretion in denying Johnson's request to amend his § 2255 motion to challenge his prior drug conviction.

**AFFIRMED.**