[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13551
Non-Argument Calendar
_____

D.C. Docket Nos. 2:10-cv-14228-JEM ; 2:10-cr-14020-JEM-1

ALVIN ROGER BELLEFLEUR,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2012)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Alvin Roger Bellefleur, proceeding *in forma pauperis*, appeals the district

court's dismissal of his 28 U.S.C. § 2255 motion.  In December 2010, a magistrate

judge recommended denial of the motion.  Later that month, Bellefleur filed objections to the magistrate judge's report and recommendation along with a motion to supplement the § 2255 motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  In April 2011, Bellefleur filed *pro se* a second motion to supplement.  The district court adopted the magistrate judge's report and recommendation in July 2011 and dismissed the § 2255 motion on the ground that the claims brought therein were not supported by the record.  The district court denied all pending motions as moot, and in doing so denied the motions to amend without explanation.  On appeal, Bellefleur argues that the district court's denial of his motions to amend were an abuse of discretion.

We review a district court's decision to deny a motion for leave to file an amended complaint for an abuse of discretion.  *Baez v. Banc One Leasing Corp.*, 348 F.3d 972, 973 (11th Cir. 2003) (per curiam).  When amendment is not permitted as of right, "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a); *see also Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) (per curiam) (applying Rule 15(a) in the context of § 2255).  A court must give a reason for denial of a motion to amend absent "any apparent or declared reason—such as such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *see also id.* (noting that the mandate to freely grant motions to amend "is to be heeded"). "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*; *see also Baez*, 348 F.3d at 974.

The district court abused its discretion when it denied Bellefleur's motions to amend his § 2255 motion without providing justification. The two motions to supplement were filed after the magistrate judge filed his report and recommendation, and when the district court adopted the magistrate judge's opinion, it made no mention of the motions to supplement. Contrary to the government's contention, the court's statement that it "reviewed the entire file and record" was not an adequate denial of a motion to amend in this case. *See Foman*, 371 U.S. at 182, 83 S. Ct. at 230.

We cannot affirm the district court's order on the grounds that the motions to supplement were futile or untimely. Bellefleur provided sufficient legal and factual information in the motions to supplement to warrant a justifying reason from the district court. The motions to supplement were not of a type such that dismissal without discussion is permitted. *See Foman*, 371 U.S. at 182, 83 S. Ct. at 230.

3

We therefore vacate the district court's denial of Bellefleur's § 2255 motion without prejudice and remand for consideration of the motions to supplement.  In doing so, we express no opinion on the outcome of the underlying claim or the motion to amend.

**VACATED AND REMANDED.**