[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13065
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00060-TCB

ROBERT L. CLARK,

Petitioner-Appellant,

versus

GREGORY MCLAUGLIN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 6, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner Robert Clark, a Georgia state prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition and the denial of what we take as a motion for reconsideration. The district court determined that the section 2254 petition was an unauthorized second or successive petition. No reversible error has been shown; we affirm.

In 2004, Petitioner was convicted of kidnapping and was sentenced to 16 years' imprisonment. Petitioner's conviction was affirmed on direct appeal. Clark v. State, 629 S.E.2d 103, 105 (Ga. Ct. App. 2006). Petitioner later filed a state habeas petition, which was denied by the state court in October 2010. In 2012, the Georgia Supreme Court then denied Petitioner a certificate of probable cause to appeal the denial. In 2016, Petitioner filed the section 2254 petition at issue in this appeal.

The district court committed no error in determining that Petitioner's 2016 section 2254 petition was second or successive. The record demonstrates that Petitioner filed an earlier section 2254 petition in 2012 that was denied on the merits. Because Petitioner has failed to obtain authorization from this Court to file a second or successive petition, the district court lacked jurisdiction to consider Petitioner's 2016 petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th

2

Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Because we conclude that Petitioner's 2016 petition was dismissed properly as second or successive, the district court abused no discretion in denying Petitioner's motion for reconsideration.  Moreover -- to the extent Petitioner's motion for reconsideration could be construed as a motion under Fed. R. Civ. P. 59(e) -- Petitioner failed to identify either newly discovered evidence or a manifest error of law or fact that would warrant relief.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

AFFIRMED.