[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13156
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00767-LSC-GMB


LARRY G. COKER,

Petitioner-Appellant,

versus

WARDEN,
ATTORNEY GENERAL OFFICE, STATE OF ALABAMA,
DEWAYNE ESTES,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 5, 2020)

Before JILL PRYOR, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Larry Coker, an Alabama prisoner, filed a 28 U.S.C. § 2254 petition in the District Court for the Northern District of Alabama.  The District Court held that it lacked jurisdiction to consider his petition because it was successive and unauthorized.  Therefore, the Court dismissed his petition.  Coker appeals the dismissal.

On appeal, Coker also moves for summary judgment, arguing that he is entitled to relief because the Appellees have not filed a brief in connection with this appeal.

We deny Coker's motion for summary judgment as inappropriate on appeal and affirm the dismissal of his unauthorized, successive § 2254 petition.

## I.

Coker's motion for summary judgment is not an appropriate avenue for relief on appeal.  Summary judgment motions brought under Federal Rule of Civil Procedure 56 are not to be considered and adjudicated for the first time in the Circuit Courts of Appeal.  *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States *district courts* . . . ." (emphasis added)).  Accordingly, we deny Coker's motion for summary judgment.

## II.

2

We next consider the District Court's dismissal of Coker's § 2254 petition. The District Court (A) properly concluded that the petition was successive, and therefore (B) properly dismissed the petition because it was unauthorized.

A.

We review *de novo* whether a habeas corpus petition is successive. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

A petition is successive if the petitioner challenged the same judgment in a previous § 2254 petition and the previous petition was dismissed as time-barred. *See id.* at 1325–26 ("When [the petitioner's] first federal petition was dismissed as untimely, [he] lost his one chance to obtain federal habeas review of his 1998 judgment. Because [his new] petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive." (citation omitted)). Here, Coker had already challenged the relevant convictions in a prior § 2254 petition, and that petition was dismissed with prejudice as time-barred. Therefore, the District Court correctly concluded that Coker's new petition was successive.[1]

---

[1] Coker contends that his petition is not successive because he was retried and reconvicted after filing his first petition. The record does not support his contention.

The proceedings to which he alludes were motions for post-conviction relief under Alabama Rule of Criminal Procedure 32, which were ultimately denied. Therefore, Coker was not retried, reconvicted, or resentenced.

B.

Before a second or successive § 2254 petition may be filed, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the appropriate Circuit Court of Appeals—here, the Eleventh Circuit—to authorize the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Without such authorization, a district court lacks jurisdiction to entertain the petition.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Here, this Court did not authorize the District Court to consider Coker's petition.  Therefore, because Coker's petition was successive, and because this Court did not authorize the District Court to consider the petition, the District Court did not err in dismissing Coker's petition for lack of jurisdiction.

III.

Accordingly, Coker's motion is denied, and the judgment of the District Court is affirmed.

**MOTION DENIED, and AFFIRMED.**