[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11503
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00527-KOB-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN HARDY, JR.,
a.k.a. Kevin Bowens,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 11, 2020)

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Melvin Hardy, Jr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his post-judgment motion for review of his sentence under 18 U.S.C. § 3742(a).  He contends that his conviction and sentence violate his Fifth and Sixth Amendment rights under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The government moves this Court for summary affirmance or, in the alternative, to dismiss.  It argues that the district court properly denied Hardy's motion as an unauthorized successive § 2255 motion.  Alternatively, the government asserts that his appeal is untimely and should be dismissed.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

This Court reviews jurisdictional issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).  *Pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers.  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).  Moreover, "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion

2

filed by a *pro se* inmate and determine whether that motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Under 18 U.S.C. § 3742(a), "a defendant may file a notice of appeal in the district court for review of an otherwise final sentence." 18 U.S.C. § 3742(a). That section merely allows a defendant to appeal his sentence; it does not provide any other form of relief. *See id.* Under 28 U.S.C. § 2255, a federal prisoner may move to vacate his conviction if, among other things, it has been unconstitutionally obtained. *See* 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), restricts a federal prisoner's ability to file a successive § 2255 motion, however, and requires the prisoner to obtain prior authorization from this Court before filing such a motion. 28 U.S.C. § 2244(b)(3)(A). The district court lacks jurisdiction to consider an unauthorized second or successive petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

As an initial matter, 18 U.S.C. § 3742(a) does not provide the relief that Hardy seeks. Instead, it only allows him to file a notice of appeal in the district court. *See id.* Accordingly, we construe Hardy's motion as a successive § 2255 motion because he states that his conviction and sentence were obtained in violation of his constitutional rights. *See* 28 U.S.C. § 2255; *Jordan*, 915 F.2d at

624-25.  Because we construe Hardy's motion as a successive § 2255 motion, we affirm the district court's order because Hardy did not have authorization from this Court to file a successive § 2255 motion, and the district court lacked jurisdiction to consider Hardy's motion.  *See* 28 U.S.C. § 2244(b)(3)(A); *Farris*, 333 F.3d at 1216.

Therefore, because there is no substantial question that the district court correctly denied Hardy's post-judgment motion for review of his sentence, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.