[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11205
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-60256-JIC-1

JAIME FERNANDO SANCHEZ,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2020)

Before MARTIN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jaime Fernando Sanchez, a federal prisoner proceeding pro se, appeals the

denial of his post-judgment "motion to dismiss," which the district court construed

as a successive 28 U.S.C. § 2255 motion.  The district court held that because

Sanchez had no authorization from this Court to file a successive § 2255 motion, it lacked jurisdiction to consider his claims.  The government moves this Court for summary affirmance and a stay of the briefing schedule.  The government argues that the district court correctly construed his self-styled "motion to dismiss" as a successive § 2255 motion over which it lacked jurisdiction.  We agree.  Sanchez's motion is properly construed as a successive § 2255 for which he did not have authorization, so we grant the government's motion for summary affirmance on that basis.

In 2014 Sanchez pled guilty to conspiracy to commit wire fraud and mail fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1349, 1341, and 1343.  Since then Sanchez has tried three times to vacate his conviction by way of a § 2255 motion.  He filed his first § 2255 motion in 2016, which the district court denied on the merits.  He then sought leave from this Court to file a successive § 2255 in 2018, which this Court denied.  And in 2019 Sanchez filed another § 2255 motion in the district court, which the court dismissed for lack of jurisdiction because he had not gotten prior approval from this Court.

In March 2020 Sanchez filed the motion now before us.  He calls it a "Motion to Dismiss" and argues that his guilty plea was not knowingly and intelligently made and that he did not understand the maximum sentence he faced. He asked that the district court dismiss the information against him under Federal

2

Rule of Criminal Procedure 12(b) and vacate his sentence and judgment of conviction. The district court denied the motion. It noted that Sanchez was "long out of time" to submit a motion to dismiss and that the relief he requested would more properly be sought under § 2255. The district court therefore construed the motion as arising under § 2255 and explained that, because Sanchez previously filed a § 2255 motion that had been denied on the merits, he was required to obtain leave from this Court in order to file another one. Because Sanchez had not done so, the court concluded it did not have jurisdiction to consider his motion. This is Sanchez's appeal.

Summary disposition is appropriate in two circumstances: (1) "where time is truly of the essence," or (2) where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] In determining whether either circumstance is present here, we review de novo questions of jurisdiction, United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

2009), and construe Sanchez's pro se submissions liberally, Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

Under § 2255, a federal prisoner who has been unconstitutionally detained can move to vacate his conviction and sentence. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[2] however, a prisoner cannot file a second or successive § 2255 motion without first obtaining authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Where a prisoner has failed to obtain such authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

We affirm the district court's construction of Sanchez's motion as arising under § 2255. He requested that the district court vacate his conviction and sentence, which is precisely the type of relief for which § 2255 motions are intended. See 28 U.S.C. § 2255; United States v. Jordan, 915 F.2d 622, 624–26 (11th Cir. 1990) (construing pro se motion to vacate sentence as arising under § 2255). And because Sanchez could have fully and fairly raised his current claims in the prior § 2255 motion that was denied on the merits, the present motion is successive. See Scott v. United States, 890 F.3d 1239, 1249 (11th Cir. 2018). However, Sanchez never obtained authorization from this Court to file a successive

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

§ 2255 motion.  The district court therefore lacked jurisdiction to consider

Sanchez's motion and rightly denied it.  28 U.S.C. § 2244(b)(3)(A); Farris, 333

F.3d at 1216.

Because there is no substantial question that the district court correctly

denied Sanchez's post-judgment "motion to dismiss," we **GRANT** the

government's motion for summary affirmance.  See Groendyke Transp., Inc., 406

F.2d at 1162.  We also **DENY** the accompanying motion to stay the briefing

schedule as moot.