[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10295

Non-Argument Calendar

_____

PAUL RUBIN WHITE,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cv-00153-AW-GRJ

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Rubin White, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as an unauthorized second or successive petition. Because White previously filed a § 2254 petition challenging the same judgment that was dismissed as untimely and failed to obtain authorization from this Court before filing his current petition in district court, we affirm the dismissal.

## I.

This case represents the third time White has filed a habeas petition in federal court challenging his conviction for two counts of sexual battery of a child and one count of lewd and lascivious assault on a child. First, in 2009, he filed a habeas petition in federal court challenging his conviction. The district court determined that his petition was untimely and dismissed it with prejudice. In 2020, White filed a second habeas petition in federal court, which the district court also dismissed.

In 2021, White filed this petition in federal district court, again challenging his conviction. Because White failed to obtain prior authorization from this Court before filing his petition, the magistrate judge recommended that the district court dismiss the petition. White objected to the recommendation. After considering the objection, the district court adopted the magistrate judge's

recommendation and dismissed the petition for lack of jurisdiction. This is White's appeal.

## II.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## III.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires that before a prisoner in custody pursuant to a state court judgment can file a "second or successive" federal habeas petition under § 2254, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a prisoner fails to obtain such prior authorization before filing a second or successive application, the district court must dismiss the petition for lack of jurisdiction. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

To determine whether a petition is second or successive, we must look to whether the prisoner previously filed a federal habeas petition challenging the same judgment. *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). When a habeas petition is dismissed as untimely, any later petition challenging the same judgment is considered second or successive. *See Patterson*, 849 F.3d at 1325 (treating new petition as secondary or successive when initial petition was dismissed as untimely).

White's § 2254 petition in this case qualifies as a second or successive habeas petition because he previously challenged the same conviction in his first habeas petition, and that petition was dismissed as untimely. *See id.* Because White failed to obtain leave from our Court before filing the petition in this case, the district court properly dismissed it. *See Farris*, 333 F.3d at 1216.

White nevertheless says that the district court erred in dismissing his petition because a district court may review a second or successive petition when a prisoner brings an actual innocence claim. Not so. We have held that AEDPA's restrictions on second or successive petitions apply even when a prisoner raises an actual innocence claim. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir. 2019). Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**