[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11683

Non-Argument Calendar

_____

JAMON DEMETRIUS JACKSON,

Petitioner-Appellant,

*versus*

SMITH STATE PRISON,
GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00128-LMM

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jamon Demetrius Jackson, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as an unauthorized second or successive petition. Because Jackson previously filed a § 2254 petition challenging the same judgment and failed to obtain authorization from this Court before filing his current petition in the district court, we affirm the dismissal.

## I.

In 2008, Jackson was convicted in Georgia state court of murder, assault with a deadly weapon, arson, and other crimes and was sentenced to life plus 10 years' imprisonment. This case represents the third time Jackson has filed a habeas petition in federal district court challenging the state court's judgment. In 2016, he filed his first § 2254 petition. The district court determined that the petition was untimely and dismissed it. Jackson appealed, but we concluded that he was not entitled to a certificate of appealability.

In 2017, Jackson filed a second habeas petition in federal district court, which the district court dismissed as an unauthorized second or successive petition. Jackson appealed the dismissal, and this Court affirmed.

In 2021, Jackson filed this petition, his third, in federal district court, again challenging the state court judgment. Jackson alleged

22-11683                Opinion of the Court                3

that he had received ineffective assistance of counsel, among other claims of error that he alleged had occurred at trial. Because Jackson failed to obtain authorization from this Court before filing the petition, the magistrate judge recommended that the district court dismiss the petition.[1] Jackson objected. The district court overruled the objection, adopted the magistrate judge's recommendation, and dismissed Jackson's petition as an unauthorized successive petition.

This is Jackson's appeal.

## II.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## III.

Before a prisoner in custody pursuant to a state court judgment can file a "second or successive" federal habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a prisoner fails to obtain such authorization before filing a second or successive petition, the district court must

---

[1] After the magistrate judge recommended that the district court dismiss this petition, Jackson sought authorization in this Court to file a second or successive petition. We denied Jackson's request.

4                      Opinion of the Court                      22-11683

dismiss the petition for lack of jurisdiction. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

To determine whether a petition is second or successive, we look to whether the prisoner previously filed a federal habeas petition challenging the same judgment. *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). When a prisoner previously filed a petition challenging the same judgment and that petition was dismissed as untimely, a later petition challenging the same judgment is considered second or successive. *See Patterson*, 849 F.3d at 1325 (treating new petition as second or successive when initial petition was dismissed as untimely).

Jackson's § 2254 petition in this case qualifies as a second or successive habeas petition because he challenged the same judgment in his first habeas petition and that petition was dismissed as untimely. *See id.* Because Jackson failed to obtain leave from our Court before filing the petition in this case, the district court properly dismissed it. *See Farris*, 333 F.3d at 1216.

It is true that we have recognized a narrow exception to this rule that permits a petitioner to file a numerically second § 2254 petition when it raises a claim that could not have been brought in the original habeas petition. *See Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011). But Jackson's current petition does not fall into this narrow exception because he does not raise any claim that could not have been brought earlier. Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**