[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13456

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL RAY ALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:02-cr-00008-RH-CAS-1

_____

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Ray Alford, a federal prisoner proceeding *pro se*, filed a motion in the district court seeking leave to amend a motion she filed under 28 U.S.C. § 2255 challenging her conviction.[1] She filed the motion to amend in 2022, approximately 15 years after the district court had denied with prejudice her original § 2255 motion. The district court treated Alford's proposed amendment as an unauthorized second or successive § 2255 motion and denied the motion to amend. Alford appealed, challenging the district court's decision. The government, in turn, moves for summary affirmance. We grant the government's motion.

**I.**

In 2002, Alford pled guilty to transporting visual depictions of a minor engaged in sexually explicit conduct in interstate commerce, in violation of 18 U.S.C. § 2252(a)(1), and was sentenced to 57 months' imprisonment followed by a three-year term of supervised release. She also was required to register as a sex offender.

In 2004, Alford filed a § 2255 motion seeking to vacate her conviction. She raised numerous challenges, including that she received ineffective assistance of counsel. In 2007, the district

---

[1] Alford is a transgender woman who uses she/her/hers pronouns.

court denied the § 2255 motion with prejudice, determining that Alford's ineffective assistance claims lacked merit. Both the district court and this Court denied Alford a certificate of appealability.

In 2021, Alford filed an application seeking authorization to file a successive § 2255 motion raising ineffective assistance of counsel claims. A panel of this Court denied the application because Alford was seeking to raise the same claims that the district court had rejected when it denied her original § 2255 motion.

In 2022, Alford filed a motion in the district court to amend her original § 2255 motion. She argued that the amendment would "clarify and amplify" the ineffective assistance of counsel claims that she had raised in her original § 2255 motion. Doc. 162 at 1.[2] The district court denied the motion to amend, describing the proposed amendment as an "attempted end-run around the prerequisites to a second or successive § 2255 motion." Doc. 165 at 1–2.

This is Alford's appeal. After Alford filed her appellant's brief, the government moved for summary affirmance.

## II.

Summary disposition is appropriate where time is of the essence, such as "situations where important public policy issues are

---

[2] "Doc." numbers refer to the district court's docket entries.

involved or those where rights delayed are rights denied." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3] It also is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Id.*

Alford argues that the district court erred in denying her motion to amend. We review the denial of a motion to amend a § 2255 motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003).

Alford sought to amend her original § 2255 motion many years after the district court had denied the original § 2255 motion with prejudice. The district court properly treated the proposed amendment as a second or successive § 2255 motion. *See Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (construing prisoner's filing, which was labeled as an amended § 2254 habeas petition, as a second or successive petition when the amended petition was filed several years after the district court had denied the prisoner's original habeas petition).

We also agree with the district court that the proposed amendment was an unauthorized second or successive § 2255 motion. Before a second or successive § 2255 motion may be filed

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

in the district court, a prisoner must receive authorization from the appropriate court of appeals allowing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). Because Alford's proposed amendment was an unauthorized second or successive § 2255 motion, the district court lacked jurisdiction to review the amendment. *See Farris*, 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]"). Accordingly, the district court did not abuse its discretion in denying Alford's motion seeking leave to file the proposed amendment.

Summary affirmance is warranted here because the government's position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**