[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13527

Non-Argument Calendar

_____

THEODORE VAZQUEZ,

Petitioner,

*versus*

UNITED STATES OF AMERICA,

Respondent.

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Theodore Vazquez, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his Rule 60(b)(6) motion as an

unauthorized second or successive motion to vacate under 28 U.S.C. § 2255.  Following a review of the record and the parties' briefs, we affirm.

In 2019, Mr. Vazquez filed a § 2255 motion to vacate alleging that his counsel had rendered ineffective assistance by failing to object to the use of his 1999 Florida narcotics conviction as a predicate offense for enhancement under the Armed Career Criminal Act. The district court denied his § 2255 motion, concluding that Mr. Vazquez was subject to an ACCA-enhanced sentence because of a 2011 Florida conviction for trafficking of cocaine.  *See* Fla. Stat. § 893.135.  As a result, even if counsel had objected to the use of the 1999 conviction, the 2011 conviction would have sufficed to sentence Mr. Vazquez under the ACCA.  In other words, Mr. Vazquez could not show prejudice.  *See* D.E. 15 at 5-7.

Mr. Vazquez then filed a Rule 60(b)(6) motion, arguing that the district court's reliance on the 2011 conviction for its lack-of-prejudice determination was erroneous.  The district court dismissed the motion, reasoning that it attacked the prior resolution of the § 2255 motion on the merits and was therefore an unauthorized second or successive motion to vacate.

We review *de novo* the district court's conclusion that Mr. Vazquez's Rule 60(b)(6) motion was an unauthorized second or successive § 2255 motion.  *See Ferris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Exercising plenary review, we conclude that the district court's ruling was correct.

22-10968                Opinion of the Court                3

A Rule 60(b)(6) motion is an impermissibly second or successive § 2255 motion to vacate if, among other things, it "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the [c]ourt erred in denying habeas [or § 2255] relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas [or § 2255] relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (footnote omitted). Here the Rule 60(b)(6) motion challenged the district court's merits resolution of Mr. Vazquez's § 2255 motion. As a result, it was an unauthorized second or successive § 2255 motion.

**AFFIRMED.**