[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11989

Non-Argument Calendar

_____

ADRIAN APODACA,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos 0:23-cv-60863-KAM,
0:16-cr-60323-KAM-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Adrian Apodaca, proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2255 motion to vacate his sentence as an unauthorized second or successive motion. He had previously filed a § 2255 motion that was denied on the merits. *See Apodaca v. United States*, No. 20-cv-60963 (S.D. Fla. Aug. 24, 2020). He then moved in this Court pursuant to 28 U.S.C. § 2244(b)(3)(A) for an order authorizing the district court to consider a second application. We denied that motion, reasoning that he had failed to make a prima facie showing of either ground under 28 U.S.C. § 2255(h) justifying second or successive petitions. *See Apodaca v. United States*, No. 23-10914 (11th Cir. Apr. 18, 2023).

Despite being denied permission to file, Apodaca did so anyway. "[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Id.* Apodaca did not receive authorization from this Court, so the district court correctly held that it lacked jurisdiction to consider his unauthorized second § 2255 motion.

23-11989                Opinion of the Court                3

The government moves for summary affirmance. Because its position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," we grant its motion. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

**AFFIRMED.**