[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13044
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cr-10078-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUERGEN HEINZ WILLIAMS,
a.k.a. Jurgen H. Williams,
a.k.a. Juergen Heinz Werthmann,
a.k.a. Eric Williams,
a.k.a. Eric Scott Wallace,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 4, 2020)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Juergen Williams, a federal prisoner proceeding pro se, appeals the district court's dismissal of his post-conviction motion. After review, we affirm.

## BACKGROUND

Williams pled guilty to conspiracy to launder proceeds derived from the importation of controlled substances, in violation of 18 U.S.C. § 1956(h). In 2015, Williams filed a pro se motion to vacate under 28 U.S.C. § 2255, arguing generally that the government acted in bad faith when it refused to uphold a portion of his plea agreement. The district court dismissed that § 2255 motion as untimely. Williams did not appeal.

One year later, Williams filed another pro se motion, this time to modify his sentence under 18 U.S.C. § 3582(c)(2). In that motion, he argued that Amendment 782 to the Sentencing Guidelines applied retroactively and, as a result, his sentence should be reduced. The government filed a response claiming that his offense level remained the same even after the amendment. Williams replied with a number of assertions including, among other things, that: (1) his plea was unconstitutional because his attorney and the government colluded to obtain his guilty plea, and (2) the proceedings against him were biased and prejudicial because the government repeatedly called him a Nazi both to his attorney and

2

before the district court.  The district court denied the motion because the record established that the sentence was still proper given the underlying criminal conduct.  The district court also noted that the constitutional issues Williams raised could not be considered in the context of a § 3582 motion.  Williams appealed.

While the appeal of his § 3582 motion was still pending and after attempting to "re-open" his original § 2255 motion[1], Williams filed the motion at the heart of this appeal.  In that motion—titled "Pro se motion respectfully requesting the court to compel the government . . . to show any and all proof of validity . . . for the government to have referred . . . to 'the defendant as a Nazi' to former defense counsel(s), to the legal and public community"—he alleged that the government abused the legal process and intentionally interfered with his ability to receive effective representation and a fair judgment when it referred to him as a Nazi.  He re-asserted that these constant references prejudiced everyone involved in his criminal case, including his own court-appointed attorney.  The district court dismissed that motion, sua sponte, stating that it lacked jurisdiction.

## DISCUSSION

We review a district court's subject matter jurisdiction de novo.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam).  "[W]e may

---

[1] In seeking to "re-open" his original § 2255 motion, Williams argued that purported violations of his constitutional rights were prejudicial enough to require a reversal of his plea and conviction. The district court denied his motion.

affirm for any reason supported by the record, even if not relied upon by the district court." *Id.* (internal quotation mark omitted).

Pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys and . . . [should] be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Federal courts have an "obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (emphasis removed). Doing so may allow a court to "avoid an unnecessary dismissal" or "create a better correspondence between the substance of a pro se motion and its underlying legal basis." *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (emphasis removed).

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence by asserting "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A district court is authorized to recharacterize a pro se litigant's motion for relief from a criminal judgment as a § 2255 motion to vacate even if the filing did not previously bear that label. *Castro*, 540 U.S. at 381–83.

4

A prisoner seeking to file a second or successive § 2255 motion must first obtain our authorization.  28 U.S.C. § 2255(h).  Without such authorization, the district court lacks jurisdiction to consider the second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Here, the district court did not explain why it lacked jurisdiction to consider Williams's motion.  But we may affirm on any basis supported by the record, and we do so here because we construe Williams's motion as a second or successive § 2255 motion.  While Williams titled his filing a "motion to compel," the district court had an obligation to look behind the motion's label and determine whether the motion was cognizable under a different remedial framework.  *See Jordan*, 915 F.2d at 624–25.  And although Williams's motion only requested the production of evidence from the government, it can be fairly construed as a motion to vacate based on Williams's numerous related filings, including: (1) his letter to the district court complaining of the prejudice injected into his proceedings due to the government's slander; (2) his reply to the government's response to his § 3582 motion where he argued for his release, that his plea was unconstitutional, and that the proceedings were prejudiced against him because the government called him a Nazi; and (3) his motion to "re-open" his initial § 2255 motion, which he filed just a few months before his "motion to compel," where he argued, in part, that the

5

violations of his constitutional rights compelled the reversal of his plea and conviction.

Since Williams had already filed an initial § 2255 motion, which was dismissed on the merits, he was required to obtain our authorization to file another. *See* 28 U.S.C. § 2255(h).  Because he failed to do so, the district court lacked jurisdiction to consider his motion.  *See Farris*, 333 F.3d at 1216.

Accordingly, the district court's dismissal of Williams's motion is

**AFFIRMED.**