[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11644
Non-Argument Calendar
_____

D.C. Docket Nos. 0:20-cv-60795-WPD; 0:15-cr-60330-WPD-1

WAYNE BURCKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2021)

Before BRANCH, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Wayne Burcks, a federal prisoner proceeding *pro se*, appeals the district

court's dismissal of his self-styled "Reply to the District Judge Order Deferring

Ruling," which the district court construed as an unauthorized second or successive

28 U.S.C. § 2255 motion to vacate sentence and dismissed for lack of jurisdiction. On appeal, the Government has moved for summary affirmance and to stay the briefing schedule. After careful consideration, we agree that the district court's order should be affirmed.

By way of background, Burcks pled guilty to Hobbs Act robbery in 2016. Unlike his codefendants, Burcks did not receive a career-offender enhancement under the Sentencing Guidelines. The court did, however, impose an upward variance when sentencing Burcks. After we affirmed Burcks's sentence on appeal, he filed a § 2255 motion to vacate his sentence, which was denied on the merits in 2018. In 2020, Burcks filed a motion in his criminal case to reduce or suspend his restitution payments. The district court denied the motion and Burcks moved for reconsideration. After the court issued an order temporarily deferring its ruling on the motion for reconsideration, the Government responded, and the court denied the motion.

Burcks then filed the document at issue on appeal—a self-styled "Reply to the District Judge Order Deferring Ruling." In that document, Burcks asked the district court to vacate his sentence and remand for resentencing in light of this Court's decision in his codefendants' case, *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020). In *Eason*, we held that Hobbs Act robbery did not qualify as a crime of violence under U.S.S.G. § 4B1.2(a). *Id.* at 1195–96. We therefore vacated the

sentences of Burcks's codefendants, who had been sentenced as career offenders, and remanded for resentencing. *Id.*

In his "Reply," Burcks conceded that he was not sentenced as a career offender like his codefendants. But he argued that he had received an upward variance analogous to a career-offender enhancement, and that, because his codefendants would be resentenced without the career-offender enhancement, he should similarly be resentenced without an upward variance. The district court construed Burcks's "Reply" as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. This appeal followed.

As noted above, the Government has moved for summary affirmance. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review questions of the district court's subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). In a § 2255 proceeding, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2003). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, there is no question that the district court correctly dismissed Burcks's self-styled "Reply" for lack of jurisdiction. First, the court correctly construed the "Reply" as a § 2255 motion to vacate sentence. Burcks stated in his "Reply," and has confirmed in his appellate brief, that he challenged the validity of his sentence. Indeed, he expressly requested that the court vacate his sentence and remand for resentencing. *See Farris*, 333 F.3d at 1216 ("Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his motion [under Federal Rule of Civil Procedure 60(b)] as a successive § 2255 motion."). This was the type of collateral attack on the validity of a sentence that must be brought under 28 U.S.C. § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection[.]").

Second, the court correctly determined that Burcks was not authorized to file a § 2255 motion. It is undisputed that Burcks previously filed a § 2255 motion that was denied on the merits. In order to file a second or successive § 2255 motion, Burcks was required to first obtain authorization from this Court based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Burcks did not do so.[2] Without our authorization, the district court lacked jurisdiction to consider a second or successive § 2255 motion. *Farris*, 333 F.3d at 1216. Accordingly, there is no question that the district court correctly dismissed Burcks's construed second or successive § 2255 motion for lack of jurisdiction.[3]

---

[2] Notably, this is not the first time that Burcks failed to seek authorization from this Court before filing a second or successive § 2255 motion. In 2019, Burcks sought to reduce his sentence in a motion ostensibly filed under Federal Rule of Civil Procedure 60(b). The district court construed the filing as a § 2255 motion and dismissed for lack of jurisdiction, instructing Burcks to seek authorization from this Court before filing a successive § 2255 motion.

[3] We note that, on appeal, Burcks also challenges the district courts denial of his motion to reconsider its denial of his motion to reduce or suspend his restitution payments, which Burcks filed in his criminal case and has not appealed. These arguments are beyond the scope of his § 2255 motion and this appeal. Moreover, they do not call into question the district court's dismissal for lack of jurisdiction.

Because the Government's position is clearly correct as a matter of law, we **AFFIRM** the district court's Order dismissing Burcks's construed second or successive § 2255 motion for lack of jurisdiction.[4]

---

[4] Given this ruling, we GRANT the Government's motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162. We DENY as moot the Government's motion to stay the briefing schedule.