[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

No. 10-15901
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-00479-JOF-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRISON NORRIS, JR.,
a.k.a. Hardbody Harrison,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 4, 2011)

Before HULL, PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Harrison Norris, Jr. appeals his 35-year sentence for peonage, providing and obtaining forced labor, trafficking for peonage and forced labor, sex trafficking, witness tampering, obstructing a peonage investigation, and conspiracy to do the same. After a jury convicted him of these charges in 2007, the district court imposed a sentence of life imprisonment. On Norris's appeal, we affirmed his convictions, but vacated his sentence and remanded for resentencing. *See United States v. Norris*, 358 F. App'x 60 (11th Cir. 2009) (unpublished). On remand, the district court conducted a *de novo* resentencing and sentenced Norris to a total of 35 years' imprisonment. Norris now appeals his new sentence, arguing that the district court committed procedural and substantive errors.

Where appropriate, we review a final sentence imposed by the district court for reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). But because this appeal is based on specific remarks made by the sentencing court to which Norris did not object,[1] we review only for plain error. *United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1840

---

[1] Norris contends that he orally objected to the presentence report's factual findings. This appeal, however, challenges only the sentencing court's remarks characterizing Norris's treatment of his victims. Moreover, although he "objected to the sentencings as unreasonable," Norris does not claim to have objected to the challenged remarks specifically. *See United States v. Gallo-Chamorro*, 48 F.3d 502, 507 (11th Cir. 1995) ("To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice.").

(2011).  Under that standard, reversal is warranted only where the defendant demonstrates: (1) error; (2) that was plain; (3) that affects substantial rights; and (4) that seriously affects the fairness of judicial proceedings.  *Id.*

Norris argues the sentencing court committed a procedural error by selecting a sentence based on its erroneous finding that Norris's victims endured worse treatment than 19th century African-American slaves.  In support, Norris refers to a comment from the sentencing judge:

> Some years ago I got interested in my family history and I started doing research. My family has been in the South for awhile.  I started running into a lot of information about slavery, which was all very interesting to me.  I don't want to pretend that I am an expert on that subject, but I will observe that, based on what I read and what I saw, perhaps the majority of the slaves in Georgia in 1850 had more freedom than these women did.

Even assuming, *arguendo*, that the sentencing court's comment about 19th century slavery is erroneous, Norris has failed to show that this comment affected his substantial rights.  "Making that showing almost always requires that the error must have affected the outcome of the district court proceedings."  *Id.* at 1382 (internal quotation marks omitted).  "[W]here the effect of an error on the result in the district court is uncertain or indeterminate–where we would have to speculate – the appellant has not met his burden of showing a reasonable probability of a different result."  *Id.*

3

In this case, the effect of the sentencing judge's characterization of Norris's treatment of his victims is uncertain and indeterminate. Norris does not establish a reasonable probability that a different sentence would have resulted but for the sentencing judge's purported error. Accordingly, he has failed to show the district court plainly erred in imposing the 35-year sentence.

**AFFIRMED.**