[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12969
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-00479-RLH-1

HARRISON NORRIS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LUCK, Circuit
Judges.

PER CURIAM:

Harrison Norris appeals *pro se* the *sua sponte* dismissal of his motion to revisit an earlier judgment. The district court construed Norris's filing as a second motion to vacate and denied the motion as successive. 28 U.S.C. §§ 2244(b), 2255(h). We affirm.

Norris was convicted of 24 crimes, including conspiracy to commit an offense against the United States, 18 U.S.C. § 371, trafficking with respect to peonage and forced labor, *id.* § 1590, sex trafficking, *id.* § 1591(a), witness tampering, *id.* § 1512(b)(3), and obstructing an investigation, *id.* § 1581(b). We affirmed Norris's convictions, but we vacated his sentence and remanded for resentencing. *United States v. Norris*, 358 F. App'x 60 (11th Cir. 2009) (unpublished). On remand, the district court conducted a *de novo* resentencing and sentenced Norris to 35 years of imprisonment. *United States v. Norris*, 453 F. App'x 861 (11th Cir. 2011) (unpublished).

Norris moved, without success, to vacate his sentence on the ground that his trial judge was mentally incompetent and racially biased against him, in violation of the Due Process Clause of the Fifth Amendment. 28 U.S.C. § 2255. In Norris's first appeal, we affirmed the denial of his allegation that his trial judge was incompetent, but we reversed and remanded for the district court to conduct an evidentiary hearing on Norris's allegation of actual bias. *Norris v. United States*, 820 F.3d 1261 (11th Cir. 2016). On remand, the district court found "no credible

2

evidence" that Norris's trial judge was "biased against African-Americans in general or against Mr. Norris in particular," and it issued a certificate of appealability for the review of its factual finding. We affirmed the denial of postconviction relief. *Norris v. United States*, 709 F. App'x 952 (11th Cir. 2017) (unpublished).

Norris moved to revisit the earlier judgment. Norris moved to vacate his convictions and for release based on the same allegations he raised in his first postconviction motion concerning his trial judge's bias.

The district court *sua sponte* dismissed Norris's motion for lack of jurisdiction. The district court stated that a prisoner could challenge the denial of a motion to vacate under Federal Rule of Civil Procedure 60(b), but Norris had not alleged any ground for relief under that rule. Because Norris's motion attacked his underlying conviction, the district court construed the motion as a second or successive motion to vacate for which he had not received permission from this Court to file. *See* 28 U.S.C. § 2255(h). Alternatively, the district court ruled that Norris's motion was untimely and that it lacked merit.

Norris has waived any challenge that he could have made to the dismissal of his motion. Norris does not dispute that he failed to identify a "reason that justifies relief" that would warrant treating his motion as seeking relief from a judgment. *See* Fed. R. Civ. P. 60. Because Norris's motion attacked the denial of his first

3

motion to vacate on its merits, the district court correctly treated his second filing as a second or successive motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Norris also does not dispute that he already had filed one motion to vacate and failed to obtain permission from this Court to file a successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The district court was required to dismiss Norris's motion *sua sponte* because, "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive [motion]." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Because Norris does not dispute that his motion is barred as successive, we deem abandoned any challenge that he could have made to the dismissal of his motion. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We **AFFIRM** the dismissal of Norris's second motion to vacate.