[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 21-10990
Non-Argument Calendar

————————————————

D.C. Docket No. 2:04-cv-00138-SCJ

WILLIE GEORGE MOORE,

Petitioner-Appellant,

versus

BILLY TOMPKIS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(August 30, 2021)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Moore, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal of his filing that was construed as an impermissibly successive 28 U.S.C. § 2254 petition. After careful review, we affirm the dismissal of his successive § 2254 petition and deny his request for authorization to file another one.

## I.

Moore is currently serving a life sentence in Georgia state prison stemming from convictions for armed robbery, possession of a firearm after a felony conviction, and possession of a sawed-off shotgun. In July 2004, after pursuing direct appeal and postconviction remedies in state court, Moore filed a *pro se* § 2254 petition for a writ of habeas corpus. He alleged a variety of claims, including prosecutorial misconduct, insufficient evidence to support his convictions, unconstitutional identification procedure, unconstitutional search and seizure, and ineffective assistance of both trial and appellate counsel.

In June 2005, the district court granted the state's motion to dismiss Moore's § 2254 petition as untimely under 28 U.S.C. § 2244(d)(1). Moore appealed that decision nearly five years later in 2010, but we dismissed the appeal *sua sponte* because his notice of appeal was not timely filed.

Since that time, Moore has twice filed applications with this Court for leave to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). First, in December 2016, Moore raised a single claim of actual innocence, asserting a

miscarriage of justice. We denied the application, stating that he did not rely on a new rule of constitutional law or new evidence as required by § 2244(b)(2)(A). Then, in April 2019, Moore filed a new application raising five claims and relying on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), as a new rule of constitutional law. We dismissed Moore's application, concluding that he had raised these claims in his original § 2254 petition.

In January 2020, Moore filed the subject of this appeal, a "Brief in Support of Habeas Corpus" in which he alleged similar claims of prosecutorial misconduct, insufficient evidence to support his convictions, unconstitutional identification procedure, *Miranda*[1] violations, and ineffective assistance of trial counsel. The district court determined that it lacked jurisdiction because Moore had not obtained this Court's permission to file a second or successive § 2254 petition, and therefore dismissed the action in March 2021. Moore timely appealed.

## II.

Moore spends the majority of his briefing arguing that the district court erred in dismissing his original § 2254 petition as untimely. But whether that decision was erroneous is not properly before us. Moore's first and only appeal of that decision was dismissed for lack of jurisdiction in 2010, and he does not identify any basis on which we could review the 2005 judgment at this time.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

To mention just one barrier to our exercise of jurisdiction, Moore's March 2021 notice of appeal is plainly untimely to appeal that judgment. *See* Fed. R. App. P. 4(a)(1)(A) (a notice of appeal is timely if it is filed "within 30 days after entry of the judgment or order appealed from"); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264–67 (1978) (applying Fed. R. App. P. 4(a)'s 30-day time limit in the context of a § 2254 proceeding). Accordingly, we may not revisit the judgment denying Moore's original § 2254 petition, including the issue of whether Moore is entitled to equitable tolling of the original limitations period, in the context of this appeal.

## III.

As for the only matter properly before us—the dismissal of Moore's Brief in Support of Habeas Corpus as an unauthorized successive § 2254 petition—Moore does not dispute the district court's ruling. And because the Brief in Support raised claims challenging his convictions and sentence, the district court correctly concluded that it lacked jurisdiction over Moore's unauthorized successive § 2254 petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Instead, Moore requests authorization from this Court to file a second or successive § 2254 petition so that the district court can consider both equitable tolling and his substantive claims for relief with regard to his original § 2254 petition. He further asserts that he has a constitutional right to attack his illegal convictions under *McClesky v. Zant*, 499 U.S. 467 (1991), that he has made a credible showing of actual innocence, and that the untimeliness of his original habeas petition should be excused under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), because he is entitled to equitable tolling.

Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). We "may authorize the filing of a second or successive application only if [we] determine[] that the application makes a prima facie showing" that a claim either (1) "relies on a new rule of constitutional law . . . that was previously unavailable"; or (2) is based on newly discovered evidence showing "that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C).

But we must dismiss a claim presented in an application to file a second or successive § 2254 petition that was presented in a prior application or in an original § 2254 petition. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or

successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *In re Everett*, 797 F.3d 1282, 1288 (11th Cir. 2015) ("A prisoner's original § 2254 petition is a 'prior application' for purposes of § 2244(b)(1)). A claim is the same, for purposes of § 2244(b)(1), when the basic gravamen of the legal argument is the same. *In re Everett*, 797 F.3d at 1288.

We construe Moore's brief on appeal as an application for leave to file a successive § 2254 petition. *See, e.g.*, *United States v. MacDonald*, 641 F.3d 596, 616 (4th Cir. 2011) (recognizing that appellate courts may construe a prisoner's appellate brief as an application for leave to file a successive § 2254 petition).

Nevertheless, we must dismiss the application because the claims Moore apparently seeks to raise—that his convictions were obtained by prosecutorial misconduct, unconstitutional identification procedures, unconstitutional searches and seizures, and ineffective assistance of trial counsel, and that insufficient evidence supported his convictions—were presented in his original § 2254 petition, in a prior application for leave to file a successive petition, or both.[2]  *See* 28 U.S.C. § 2244(b)(1); *In re Everett*, 797 F.3d at 1288.

---

[2] In addition, Moore's reliance on the Supreme Court's decisions in *McQuiggin* and *Zant* is misplaced. In *In re Bolin*, 811 F.3d 403, 411 (11th Cir. 2016), we found that *McQuiggin* did not warrant granting a defendant authorization to file a successive § 2254 petition. As for *Zant*, that decision was issued before Moore filed his original habeas petition and so was not "previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

For these reasons, the district court's dismissal of Moore's successive habeas petition is **AFFIRMED**, and his construed application for leave to file a successive habeas petition is **DISMISSED**.