[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13226
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00010-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDEN OTOUPAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2021)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Branden Otoupal, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1]  He argues

that the district court erred in finding that his medical conditions did not

demonstrate extraordinary and compelling reasons for a reduction in his sentence

considering the spread of COVID-19 within his incarceration facility.  Because the

district court did not abuse its discretion in denying Otoupal's motion for

compassionate release after considering the applicable § 3553(a) factors, we

affirm.

## I.

Otoupal is a thirty-year-old man with chronic medical conditions

incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky.  His

medical conditions include Type 1 diabetes, hypertension, sleep apnea, and

obesity.  The Department of Homeland Security Investigations (HSI) investigated

Otoupal in 2015 after obtaining information that an IP address associated with a

residence in Carrollton, Georgia downloaded child pornography from a Russian

website.  On August 19, 2015, HSI agents executed a search warrant on the

residence and interviewed the occupants, including Otoupal and his parents.

Otoupal admitted to the agents that his cellphone contained sexually explicit

videos that he received from a sixteen-year-old girl.  A search of his iPhone

---

[1] First Step Act of 2018, Pub. L. No. 115-391, §603 132 Stat. 5194, 5239.

revealed correspondence between Otoupal and a sixteen-year-old girl he knew. The girl had learning disabilities and was functionally illiterate. The correspondence showed that Otoupal requested that the girl send him a sexually explicit video of herself. His iPhone also contained many other images of child pornography.

On April 11, 2017, Otoupal pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a). The district court sentenced him to sixteen years in custody, followed by twenty years of supervised release. In 2018, Otoupal moved, pro se, to vacate his sentence under 28 U.S.C. § 2255, but the district court denied that motion and Otoupal did not appeal. Two years later, on June 4, 2020, Otoupal filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the basis that his health conditions constitute extraordinary and compelling reasons considering the risk posed by the spread of COVID-19 in the Federal Bureau of Prison's (BOP) facilities.[2]

On July 20, 2020, the district court entered an order rejecting Otoupal's motion for compassionate release. The district court found that Otoupal's medical conditions had been considered at the time of sentencing and that those conditions were being monitored and managed at FMC Lexington. Furthermore, there was a

---

[2] Otoupal previously contracted COVID-19 but recovered. He contends that he is still at risk of being re-infected with the disease.

lack of evidence supporting his fear that he could again contract COVID-19. Lastly, the district court noted that even if these health risks are extraordinary and compelling, the § 3553(a) factors weighed against reducing Otoupal's sentence because he committed the offense of conviction from his own home, meaning he was a danger to the community, and because he had served less than three years of his sixteen-year sentence.

Following entry of an order to this effect in July 2020, Otoupal appealed. After the court allowed his attorney to withdraw, he began proceeding pro se.

Otoupal's first argument on appeal is that the district court erred in finding that extraordinary and compelling circumstances did not exist because his medical conditions were known at the time of sentencing. Instead, he contends, it should have analyzed those conditions anew considering the risk they posed together with COVID-19. He disputes the court's finding that there was little evidence of a risk of re-infection in his case, arguing that the BOP's efforts to stop the spread of the virus and manage his medical conditions have been insufficient.

Second, Otoupal contests the district court's § 3553(a) analysis, arguing that he would be under supervision if released from his home, and thus would not be a danger to the community, and that he was intoxicated when he committed the offense, and has never otherwise committed any crimes of sexual nature.

Otoupal also raises several additional arguments for the first time on appeal.

Specifically, he contends that: (i) attorneys for the government ignored an internal Department of Justice (DOJ) memorandum directing them to "concede" that defendants with certain conditions the Center for Disease Control and Prevention (CDC) has recognized as COVID-19 risk factors could establish that extraordinary and compelling circumstances existed; and (ii) his conviction was improper on numerous grounds, including that no nexus to interstate commerce existed and the district court thus lacked jurisdiction.

II.

A district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) is reviewed for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). An abuse of discretion occurs when a district court applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).

We construe pro se filings liberally, but all litigants must comply with the applicable procedural rules. *See United States v. Padgett*, 917 F.3d 1312, 1316 n.3, 1317 (11th Cir. 2019). In the criminal context, an appellant forfeits an issue by failing to raise it before the district court, but absent "affirmative steps to waive his right," we will still review for plain error on appeal. *See United States v.*

5

*Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).  Under plain error review, we will reverse only if the party asserting error establishes that: (1) there is an error; (2) the error is plain or obvious; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding.  *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009).  To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this court.  *United States v. Lejarde-Raja*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

The Supreme Court has held that when a movant, after filing an unsuccessful habeas corpus petition, presents claims only cognizable in such a petition, even if presented in another type of pleading, those claims should be treated as a successive petition.  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (dealing with a pleading filed as a motion under Federal Rule of Civil Procedure 60(b)).  A district court lacks jurisdiction to consider a second or successive habeas petition without authorization from this court.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

The district court "may not modify a term of imprisonment once it has been imposed" unless certain exceptions apply.  18 U.S.C. § 3582(c).  One such exception, compassionate release, allows a district court to modify the sentence if

6

"extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The district court may only do so after considering the § 3553(a) factors. *Id.* § 3582(c)(1)(A).

The section 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). "As for the third way that discretion can be abused, a district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably." *Id.*

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) "other reasons." *Id.*, cmt. n.1(A)–(D). Subsection D serves

7

as a catch-all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, cmt. n.1(D).

Section 1B1.13 says that "extraordinary and compelling reasons" exist if the defendant is suffering from, *inter alia*, a terminal illness or a serious physical or medical condition that substantially diminishes his ability ". . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id*. If there are "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.

Moreover, in addition to determining that extraordinary and compelling reasons warrant a reduction, U.S.S.G. § 1B1.13 states that the district court must also determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the reduction is consistent with the policy statement. *Id.*

After Otoupal and the government filed their briefs, we held in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021), that, following the enactment of the First Step Act, § 1B1.13

8

continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present, and that "Application Note 1(D) [did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

We have not yet held which medical conditions, if any, combined with the threat of contracting or re-contracting COVID-19, may constitute extraordinary and compelling circumstances warranting compassionate release as a serious medical condition, from which the movant is not expected to recover, that substantially limit the movant's ability to provide self-care while incarcerated. *See* U.S.S.G. § 1B1.13, cmt. n.1(A).

In *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), also decided after briefing in the present appeal, we held that a district court, in addition to determining whether a movant had offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, must also consider "all applicable" § 3553(a) factors. *Id.* at 1184. Therefore, an order granting or denying compassionate release, in light of the record, must indicate that the court considered the applicable § 3553(a) factors. *Id.* at 1185 (quotation marks and brackets omitted). Accordingly, a district court abuses its discretion when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable factors. *Id.* at 1184. Although the district court need

9

not exhaustively analyze every factor in its order, it must provide enough analysis

for meaningful appellate review. *Id.* At a minimum, we must be able to

understand from the record how the district court arrived at its conclusion,

including what factors it relied upon. *Id.* at 1185.

The weight due each § 3553(a) factor lies within the district court's sound

discretion, and we will not substitute our judgment for that of the district court.

*United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). Further, a district

court may reasonably attach great weight to a single factor and it is not required to

explicitly discuss or mention each factor on the record. *United States v. Kuhlman*,

711 F.3d 1321, 1326–27 (11th Cir. 2013).

## III.

Here, the district court did not err in denying Otoupal's motion for

compassionate release. His principal brief, liberally construed, argues that his

medical conditions, in light of COVID-19 infections, were extraordinary and

compelling circumstances because, due to the BOP's inability to monitor or treat

them, they presented a serious physical or medical condition that substantially

diminished his ability to provide self-care while incarcerated, given the alleged risk

of re-infection, and from which he was not expected to recover. *See also* U.S.S.G.

§ 1B1.13, cmt. n.1(A). He did not, however, raise this argument in his counseled

motion before the district court, and it is thus reviewable only for plain error. *See*

*Lewis*, 492 F.3d at 1222.  It fails under that standard because of the lack of precedent holding that such conditions may establish extraordinary and compelling circumstances.  *See Lejarde-Raja*, 319 F.3d at 1291.

Further, even if the circumstances could constitute extraordinary and compelling circumstances, the district court properly found that the § 3553(a) factors did not support compassionate release.  Specifically, the district court noted that Otoupal's crimes were committed from his own home, that he would be a danger to the community if released, and that he had only served three years of his sixteen-year sentence.  Otoupal contends that the district court's analysis of the § 3553(a) factors was improper.  He asserts that he would not be a danger to the community if released to home confinement, that he was intoxicated when he committed the offense, and that he has never otherwise committed any crimes of sexual nature.  However, this argument lacks merit.  First, although the court did not mention his criminal history or his alcohol abuse, even where a district court is required to consider all of the § 3553(a) factors, it need not explicitly discuss or mention each factor individually.  *See Kuhlman*, 711 F.3d at 1326.  Second, a district court may reasonably attach great weight to a single factor, and this court will not substitute its judgment for that decision.  *See id.* at 1327; *Joseph*, 978 F.3d at 1266.  Therefore, the district court did not abuse its discretion.

11

Otoupal also attacks his initial conviction, by challenging federal jurisdiction and the validity of the search warrant.  Because of his prior unsuccessful § 2255 motion, if the district court had construed his challenges to the validity of conviction and sentence as a successive habeas petition, it would have lacked jurisdiction to entertain any such challenges without our authorization.  *See Crosby*, 545 U.S. at 531; *Farris*, 333 F.3d at 1216.  If not, it nonetheless would have lacked jurisdiction to consider them as beyond the scope of § 3582.  *See* 18 U.S.C. § 3582(c)(1)(B).  Either way, it thus could not have erred in denying him such relief when ruling on his counseled compassionate release motion.

Further, the record does not contain the basis for any "concession" the government could have made regarding medical conditions that could establish extraordinary and compelling circumstances, and his argument in that respect thus lacks merit.  *See United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020) (stating that information outside of the record may not be considered on appeal).

Therefore, we affirm the district court's denial of compassionate release.

**AFFIRMED.**