[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14002

Non-Argument Calendar

_____

DENZIL EARL MCKATHAN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cv-00611-KD

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Denzil McKathan, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b), which sought relief from the denial of his 28 U.S.C. § 2255 motion to vacate. After careful review, we affirm.

**I.**

We start with a summary of the relevant facts, which are set out in greater detail in our opinion in *McKathan v. United States*, 969 F.3d 1213 (11th Cir. 2020). In 2005, McKathan was convicted of possessing child pornography and sentenced to 27 months in prison and a life term of supervised release. In 2014, a probation officer discovered that McKathan had violated the terms of his release by accessing the internet through a mobile phone. In response to the officer's inquiries, McKathan conceded—the conditions of his release mandated truthful answers on pain of revocation—he had been using the phone to access child pornography over the internet, and he provided the PIN to unlock his phone, which contained child pornography. The district court revoked his release, sent him back to prison, and reimposed a life term of supervised release.

Based on the probation officer's investigation, federal law enforcement obtained a warrant to search McKathan's phone, which revealed that McKathan had downloaded images of child pornography. McKathan was indicted on three counts of knowing receipt

of child pornography and one count of knowing possession of child pornography. After the district court denied his motion to suppress on Fourth Amendment grounds, McKathan pled guilty to one receipt count, and the court sentenced him to 188 months in prison. McKathan did not directly appeal.

In November 2015, McKathan filed a *pro se* motion for collateral relief from his conviction under 28 U.S.C. § 2255. The court appointed counsel, who filed an amendment. McKathan argued that his trial attorney was ineffective for failing to seek suppression of his statements to the probation officer, and the fruits of those statements, on the ground that the evidence had been obtained in violation of his Fifth Amendment right against self-incrimination. A magistrate judge held an evidentiary hearing and then recommended denial of that claim for failure to establish prejudice. Over McKathan's objection, the district court adopted the magistrate judge's recommendation and denied his ineffective-assistance claim. The district court granted a COA, and McKathan appealed.

We reversed on appeal, holding that "there is a reasonable likelihood that a Fifth Amendment suppression motion would have been successful." *McKathan*, 969 F.3d at 1231. We explained that McKathan's case presented the "classic penalty situation" covered by the Fifth Amendment's protections, "where the supervised-releasee's statements, coerced on pain of revocation for invocation of the Fifth Amendment privilege, were used against him in a separate criminal case." *Id.* In that scenario, the privilege against self-incrimination was "self-executing," meaning the government could

not "use those same statements to prosecute McKathan for a new crime," even if he didn't invoke the privilege. *Id.* at 1228–29.

But that was not the end of our analysis. We explained that a motion to suppress based on the Fifth Amendment would not have been reasonably likely to affect the outcome if, "despite the legal virtue of a Fifth Amendment argument, McKathan's statements and their fruits would have nonetheless been admissible for an independent reason." *Id.* at 1223, 1231–32. The government had argued that it would have inevitably discovered the evidence of child pornography on McKathan's phone, and we agreed that the "inevitable-discovery doctrine can apply when a Fifth Amendment violation occurs." *Id.* at 1232.

But because the record was insufficient to resolve whether inevitable discovery applied, we vacated the denial of McKathan's § 2255 motion and remanded for the district court to determine whether the challenged evidence would have been otherwise admissible. *Id.* at 1232–33. We instructed the court that it "shall deny the § 2255 motion" if it "conclude[s] that the evidence would have been otherwise admissible." *Id.* at 1233. We rejected the view that the government had waived or abandoned its inevitable-discovery argument during the underlying criminal case. *Id.* at 1232 n.8.

On remand, the district court permitted limited discovery and then held an evidentiary hearing. Then, in February 2021, the court entered an order denying McKathan's § 2255 motion. The court concluded that the evidence of child pornography on McKathan's phone likely would have been discovered by lawful means

22-14002                Opinion of the Court                5

being actively pursued, and so the evidence was otherwise admissible under the inevitable-discovery doctrine. Thus, the court denied the § 2255 motion. McKathan appealed, and both the district court and this Court denied a COA.

## II.

Beginning in January 2022, McKathan sought to reopen his § 2255 proceedings under Fed. R. Civ. P. 60(b)(1), (4) and (6), asserting that the proceedings were fundamentally defective, incomplete, and deprived him of due process. He maintained that the district court failed to address his claim that the Fifth Amendment rendered him immune from criminal liability resulting from his compelled disclosures and that the indictment would have been dismissed on proper motion. He also asserted that the court applied the wrong legal rules and denied him a fair opportunity to contest the government's case, and he accused the courts of a "judicial hijacking of the 2255 process" by reviving the government's inevitable-discovery argument.

The district court entered an 18-page order denying the Rule 60(b) motion in November 2022. In the court's view, McKathan failed to identify a defect in the integrity of the § 2255 proceeding. The court rejected McKathan's arguments that the court wrongfully denied him discovery, applied the wrong legal standards, and failed to fully resolve the merits of his claims. The court noted that his immunity argument was misguided because we had "already determined that McKathan would have prevailed on a Fifth Amendment-based motion to suppress if it had been raised." The

court also reasoned that, "to the extent that McKathan[] seeks to reassert his claims for relief, or raise new claims, . . . his motion is the equivalent of a second or successive motion and therefore, barred by 28 U.S.C. § 2554(h)." McKathan appeals.

## III.

Rule 60(b) permits relief from a civil judgment. *See* Fed. R. Civ. P. 60(b). Although Rule 60(b) generally applies in § 2255 cases, the rule cannot be used to circumvent restraints on filing second or successive § 2255 motions. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking to file a "second or successive" § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Id.*; 28 U.S.C. § 2255(h) (outlining the requirements an applicant must meet to obtain an order authorizing a successive § 2255 motion). Without authorization from a court of appeals, the district court lacks jurisdiction to consider a successive motion. *Farris*, 333 F.3d at 1216.

The district court's jurisdiction depends on whether resolving the Rule 60(b) motion "would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion will be "treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Id.* (quotation marks omitted). But Rule 60(b) may properly be used to raise a "defect in

the integrity of the federal habeas proceedings." *Id.* (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005)). The court has jurisdiction to decide the motion to the extent it's "confined to a non-merits aspect of the [§ 2255] proceedings." *Id.* at 1295.

McKathan contends that the district court had jurisdiction because his argument related to the § 2255 proceeding, not the underlying criminal case. He also reiterates his view that the court failed to consider his claim of Fifth Amendment immunity. And he repeats a list of alleged legal errors committed by the district court during the § 2255 proceeding.

Here, the district court lacked jurisdiction to consider McKathan's argument that he was immune from prosecution and that the underlying indictment would have been dismissed on proper motion. This argument is either a new ground for habeas relief or an "attack[ on] the federal court[s'] previous resolution of a claim on the on the merits." *See Williams*, 510 F.3d at 1293 (emphasis omitted).

In McKathan's prior appeal, after citing many of the same cases on which he now relies, we remanded to the district court with instructions to rule on whether "the evidence from McKathan's phone would have otherwise been admissible," notwithstanding that the government could not have used his statements or evidence derived from those statements in the criminal case. *See McKathan*, 969 F.3d at 1223–24, 1229, 1232–33. We noted that "[t]he inevitable-discovery doctrine can apply when a Fifth Amendment violation occurs." *Id.* at 1232. And we specifically told the court

that, if it "conclude[s] that the evidence would have been otherwise admissible, it shall deny the § 2255 motion." *Id*.

Consistent with that mandate, the district court concluded that the evidence of child pornography on McKathan's phone would have been otherwise admissible under the inevitable-discovery doctrine, so it denied the § 2255 motion, and no COA was granted. While McKathan seems to disagree with our analysis of his claim, the scope of remand, and the district court's ultimate conclusion, these matters are intertwined with the merits of his § 2255 motion. So we must treat them as subject to the "restrictions imposed on successive petitions by the AEDPA." *Williams*, 510 F.3d at 1293. And without our authorization to proceed, the district court lacked jurisdiction.

McKathan responds that his Rule 60(b) motion, if treated as a habeas petition, was merely "chronologically second," not "second or successive" within the meaning of AEDPA, relying on the Supreme Court's decision in *Panetti v. Quarterman*, 551 U.S. 930, 945–46 (2007). But unlike the competency claim in *Panetti*, McKathan's ineffective-assistance claim was both ripe and raised in his first § 2255 motion, so *Panetti*'s reasoning does not apply.

McKathan also asserts in conclusory terms that the legal errors he alleged in his motion warrant relief under Rule 60(b)(1), and he includes a list of those alleged errors, including denying discovery and preventing examination of certain witnesses. But the district court considered and rejected the same list of errors in

22-14002                Opinion of the Court                9

detail when it denied the Rule 60(b) motion, and McKathan fails to address the court's reasoning at all on appeal.

While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). And "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, McKathan's briefing fails to provide any indication of why he believes the district court erred in rejecting his arguments that the § 2255 proceeding was procedurally defective. He has therefore abandoned any challenge to the denial of his Rule 60(b) motion based on nonmerits defects in the § 2255 proceeding.

For these reasons, we affirm.[1]

**AFFIRMED.**

---

[1] The parties dispute whether or to what extent a COA is necessary for McKathan's appeal and whether we should remand to the district court for a COA ruling in the first instance. No COA is necessary to review the district court's subject-matter jurisdiction over the Rule 60(b) motion, *see Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004), and McKathan has not properly briefed any issue that ordinarily requires a COA, *see Williams*, 510 F.3d at 1295.