[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13419

Non-Argument Calendar

————————————————

SONNY AUSTIN RAMDEO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-81452-KAM

————————————————

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Sonny Austin Ramdeo, proceeding *pro se*, appeals the district court's dismissal of his Fed. R. Civ. P. 60 motion as an impermissible successive 28 U.S.C. § 2255 motion. After review,[1] we affirm.

Rule 60(b)(6) provides a party may obtain relief from a final judgment for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). A court may entertain an independent action to "set aside a judgment for fraud on the court" in limited circumstances. *See* Fed. R. Civ. P. 60(d)(1), (3); *see also Booker v. Dugger*, 825 F.2d 281, 282 & n.1 (11th Cir. 1987) (interpreting the former "savings clause" of Rule 60(b), which is now located in Rule 60(d)). When a *pro se* plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion, and if applicable, treat it as an unauthorized second or successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). However, a Rule 60(b) motion is not impermissibly successive when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "Fraud on the federal habeas court is one example of such a defect." *Id.* at 532 n.5.

---

[1] While we typically review the denial of a Rule 60 motion for an abuse of discretion, we review the district court's legal conclusions in a § 2255 proceeding *de novo* and the underlying facts for clear error. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The district court did not err in construing Ramdeo's Rule 60(b) motion as a successive § 2255 motion and dismissing it as a successive motion outside of the district court's jurisdiction. Although Ramdeo couched his motion in terms of a fraud upon the court claim, he essentially argued that, when evaluating the merits of his § 2255 motion, the magistrate judge and district court erred by failing to consider his evidence. This, in essence, asked the district court to reevaluate the previous resolution of his claim on the merits, which is tantamount to a successive § 2255 motion. *See Gonzalez*, 545 U.S. at 531-32 (stating Rule 60(b) motions are impermissibly successive § 2255 motions if the prisoner either (1) raises a new ground for relief, even if "couched in the language of a true Rule 60(b) motion," or (2) attacks a federal court's previous resolution of a claim on the merits, which is "effectively indistinguishable" from asserting a direct claim of entitlement to substantive post-conviction relief). Notably, the magistrate judge's and district court's failure to explicitly mention—or give more weight to—certain evidence is far from the kind of "egregious conduct" that would prevent the judiciary from impartially resolving Ramdeo's case. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)[2] (demonstrating fraud upon the court requires a showing of "an unconscionable plan or scheme," thus, "only the most egregious misconduct, such as bribery of a judge . . . , or the fabrication

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

of evidence" will qualify (quotation marks omitted)); *see also Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (stating when committed by a judicial officer, fraud upon the court "defile[s] the court itself," or results in the court being incapable of resolving cases in its usual, impartial manner (quotation marks omitted)).    Therefore, the district court did not err in construing Ramdeo's Rule 60 motion as a § 2255 motion.

Moreover, the district court did not err in dismissing Ramdeo's Rule 60(b) motion as an unauthorized successive § 2255 motion.  Ramdeo already filed a § 2255 motion.  That motion was denied by the district court, and this Court affirmed the district court's determination.  Ramdeo did not obtain permission from this Court to file a successive motion to vacate, as required by statute.  *See* 28 U.S.C. § 2244(b)(3)(A) (providing before a prisoner may file a second or successive § 2255 motion in a district court, he first must obtain an order from the court of appeals authorizing the district court to consider the motion).  Thus, the district court did not err in finding that Ramdeo's Rule 60 motion, construed as a § 2255 motion, was an unauthorized successive motion that the district court lacked jurisdiction to consider.  *See Farris*, 333 F.3d at 1216 (explaining without authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion).

**AFFIRMED.**