[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12179

Non-Argument Calendar

_____

CHENHSIN CHAN,
a.k.a. Paul Chan,
a.k.a. ChenHsin Chan,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                    Opinion of the Court                    22-12179

D.C. Docket Nos. 1:19-cv-03447-WMR-AJB,
1:14-cr-00203-WMR-AJB-1

_____

Before NEWSOM, ANDERSON, and ED CARNES, Circuit Judges

PER CURIAM:

The district court dismissed Chenhsin Chan's 28 U.S.C. § 2255 motion because it was time-barred. Chan filed a motion for relief from that decision under Federal Rule of Civil Procedure 60, and the court denied it. We granted him a certificate of appealability on the issue of whether the court abused its discretion in denying Rule 60 relief. Chan contends that the alleged misconduct of his § 2255 habeas counsel, along with the deficiencies of his trial counsel, constitutes "extraordinary circumstances" sufficient to warrant relief under Rule 60(b)(6).

**I.**

In May 2016, a jury found Chan guilty of mail fraud, introduction of adulterated food, knowing distribution of a listed chemical, and money laundering. He was sentenced to 135 months in prison. In July 2019, Chan filed a pro se motion to vacate, set aside, or correct his prison sentence under § 2255, twenty days after the statute of limitations expired. Chan contends that this motion was ghostwritten by an organization called the National Legal Professional Associates, who were engaged in the unauthorized practice of law and improper fee sharing. Chan asserts that National actually filed his § 2255 motion as if it were pro se to in an attempt to trick the court and hide its ethical violations. He also claims that the motion "argued meritless points and ignored blatant and obvious deficiencies in the representation at trial."

In July 2020, the magistrate judge entered a report and recommendation advising the district court to dismiss Chan's § 2255 motion due to untimeliness. Chan did not file any objections to the report. In September 2020, the district court adopted the magistrate judge's recommendation and dismissed Chan's § 2255 motion as time-barred. Chan appealed that judgment, but we dismissed his appeal for failure to prosecute because Chan did not pay the filing and docketing fees or file a motion to proceed *in forma pauperis*.

In February 2022, seventeen months after the district court dismissed his § 2255 motion, Chan filed a motion to vacate that judgment, in part requesting that the court grant him relief under Federal Rule of Civil Procedure 60(b). Chan contended that the court should set aside its judgment due to his habeas attorneys' alleged ethical violations.

The district court denied Chan's motion. It explained that his arguments under Rule 60(b)(6) failed because Chan did not present evidence of his claim that his former lawyers committed ethical violations in filing his habeas petition. The court also found that even if Chan's allegations were true, his attorneys' alleged misconduct did not rise to the level of an extraordinary circumstance that would entitle him to relief. Chan appealed the denial of his motion to vacate. We issued a certificate of appealability on "[w]hether the district court abused its discretion by denying Mr. Chan's Fed. R. Civ. P. 60 motion, to the extent that he sought relief under Rule 60(b)(6)."

**II.**

Rule 60(b)(6) allows district courts to set aside a judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief, however, "is an extraordinary remedy." *Booker v. Singletary*,

90 F.3d 440, 442 (11th Cir. 1996).  Qualifying for that relief "requires a showing of extraordinary circumstances" that would "justify[] the reopening of a final judgment," which the Supreme Court has stated "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005) (quotation marks omitted).  In habeas cases, Rule 60(b) motions can only challenge "some defect in the integrity of the federal habeas proceedings"; they cannot "attack[] . . . the . . . resolution of a claim *on the merits*." *Id*. at 532; *see also Padilla v. Smith*, 53 F.4th 1303, n.41 (11th Cir. 2022) ("When a Rule 60 motion attacks the substance of the federal court's resolution of a petition's claim on the merits, as opposed to a defect in the integrity of the habeas proceeding, it is not truly a Rule 60 motion — it is a successive habeas petition.").

Whether to grant a Rule 60(b) motion is generally "a matter for the district court's sound discretion." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted).  For that reason we review a district court's denial of a Rule 60(b) motion only for an abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  When applying the abuse of discretion standard, "we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Arthur*, 739 F.3d at 628.

The scope of review in a habeas appeal is limited to issues specified in the certificate of appealability. *Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998).  We lack jurisdiction to address issues for which a certificate of appealability has not been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As a preliminary matter, we lack jurisdiction to address Chan's arguments related to the underlying merits of his criminal conviction or his § 2255 motion, as those issues are improper subjects of a Rule 60(b) motion and

therefore outside the limited scope of his certificate of appealability. *See Gonzalez*, 545 U.S. at 532; *Padilla*, 53 F.4th at 1303 n.41.

The district court did not abuse its discretion in deciding that alleging attorney misconduct without presenting evidence of it did not amount to an extraordinary circumstance that would entitle Chan to relief. Unsubstantiated accusations do not put forth the "showing" of extraordinary circumstances that Rule 60(b)(6) requires for relief. *See Gonzalez*, 545 U.S. at 536.

Chan's delay in filing his Rule 60(b) motion and pursuing his appeal makes his circumstances even less extraordinary. A party's lack of due diligence in pursuing review of his case may suggest an absence of extraordinary circumstances necessary to warrant relief under Rule 60(b)(6). *See id.* at 537 (describing the circumstances of a petitioner's case as "all the less extraordinary" where he showed a "lack of diligence in pursuing review" of his case).

Chan doesn't contend, or offer any evidence to suggest, that he only recently discovered the alleged fraud and misconduct of his attorneys. Because of this, Chan's "lack of diligence in pursuing review" of his conviction and in complaining about his former attorneys — as evidenced by his failure to prosecute the initial appeal of his § 2255 claim and his seventeen-month delay in seeking Rule 60 relief after dismissal — shows that these are not extraordinary circumstances.

Moreover Chan's § 2255 motion was pending before the district court for more than a year, during which time Chan didn't raise any concerns or arguments related to the alleged misconduct of his attorneys in that action. If Chan knew of his attorneys' misconduct during that year, he could have raised the issue before the district court entered judgment. *See Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1212 (11th Cir. 2014) ("It is not an abuse of discretion

6                     Opinion of the Court                 22-12179

for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment.") (quotation marks omitted).  The court did not abuse its discretion when it determined that Chan had failed to establish extraordinary circumstances that would entitle him to relief under Rule 60(b)(6).

**AFFIRMED.**